UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE MANJATE,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

Case No. 1:12-CV-228
(Criminal Case No. 1:05:CR:69)

HON. GORDON J. QUIST

**OPINION**

Pursuant to 28 U.S.C. § 2255 Andre Manjate has moved to be resentenced. Promptly after the filing of a § 2255 motion, the court must undertake a preliminary review of the motion to determine whether it plainly appears from the motion, attached exhibits, and record of prior proceedings that Manjate is not entitled to relief in the district court. Rule 4, Rules Governing § 2255 Cases. If Manjate is not entitled to relief, the court shall make an order for the motion's summary dismissal. *Id.* A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) (applying Rule 4 to petition filed under 28 U.S.C. § 2254). After undertaking the review required by Rule 4, the Court concludes that Manjate is not entitled to relief.

**I. PROCEDURAL HISTORY**

On December 21, 2006, following trial, a jury convicted Manjate, and his co-Defendant, Jerome Lewis, of multiple drug charges, including conspiracies to possess with intent to distribute heroin and cocaine. This Court sentenced Manjate to 224 months on Counts One, Two, and Fourteen

through Nineteen, all of which were to run concurrently. Additionally, Lewis was originally sentenced to 420 months imprisonment, consisting of concurrent terms of 60 months on Counts one through five and eight through twelve; a consecutive 60-month term on Count six; and a consecutive 300-month term on Count thirteen. Judgment was entered on May 24, 2007. Manjate appealed his conviction on one count and his sentence to the United States Court of Appeals for the Sixth Circuit. On May 15, 2009, the Sixth Circuit affirmed Manjate's conviction and sentence. The mandate was issued on June 9, 2009.

On November 8, 2010, this Court granted Lewis' § 2255 Motion. In particular, the Court concluded that Lewis' trial and appellate counsel were ineffective for failing to raise the issue of multiple § 924(c) offenses for a single predicate offense. The Court therefore vacated one of Lewis' two § 924(c) convictions. On March 9, 2011, the Court resentenced Lewis to 156 months, consisting of 96 months on Counts One through Five and Eight through Twelve, and 60 months on Count Six, to be served consecutively.

Manjate filed the instant Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody on March 9, 2012. Manjate claims (1) his sentence should be reduced as a result of the new evidence provided by Lewis' resentencing and (2) ineffective assistance of counsel.

## II. DISCUSSION

A. *New Evidence*

Manjate claims that his sentence should be reduced as a result of "new evidence" provided by Lewis' resentencing resulting from his § 2255 motion. This Court has no authority to reduce Manjate's sentence on the grounds he asserts. 18 U.S.C. § 3582(c). As to the substantive merits, at Manjate's sentencing hearing, the Court cited Manjate's lack of remorse and the destructive

consequences of drug trafficking as considerations for imposing a sentence in the upper half of the Guidelines range. Lewis' resentencing does not impact Manjate's sentence and, furthermore, is not new evidence. Manjate was sentenced as a result of his own actions. The Court's grant of Lewis' § 2255 Motion and consequent reduction of sentence were based upon the correction of a mistake by Lewis' counsel that inured to Lewis' benefit - not Manjate's. Such a reduction has no bearing on whether Manjate's sentence was appropriate under 18 U.S.C. § 3553(a). The sentence was appropriate at the time Manjate was originally sentenced and continues to be appropriate today.

Manjate's request for a reduced sentence resulting from Lewis' resentencing will be denied.

**B.**     *Ineffective Assistance of Counsel*

Manjate's claim for ineffective assistance of counsel under § 2255 is subject to a one-year statute of limitations from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). Regarding Manjate's claims, the Sixth Circuit issued its mandate affirming Manjate's conviction on June 9, 2009. Because Manjate did not file a petition for certiorari, the judgment became final on September 8, 2009, when the 90-day period for filing a petition for writ of certiorari expired. Thus Manjate had one year from September 8, 2009, to file a motion under § 2255 for his ineffective assistance of counsel claims. Manjate filed the instant § 2255 motion eighteen months after the one-year period expired. The one-year limitations period set forth in § 2255 is not jurisdictional and is subject to the doctrine of equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A district court "must accord the parties fair notice and an opportunity to present their positions" before a petition is dismissed *sua sponte* on statute of limitations grounds. *Day v. McDonough*, 547 U.S. 198, 210, 126 S. Ct. 1673, 1684 (2006). Thus, on May 18, 2012, the Court ordered Manjate to show cause why his ineffective assistance of counsel claims should not be dismissed as time-barred.

3

Manjate argues that he is entitled to equitable tolling. Pursuant to the doctrine of equitable tolling, a court may excuse late-filed habeas claims in appropriate circumstances. *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007) (*citing Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005)). Equitable tolling is "available only in compelling circumstances which justify a departure from established procedures." *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989). The doctrine is "used sparingly by federal courts. 'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control.'" *Jurado v. Burt*, 337 F.2d 638, 642 (6th Cir. 2003) (*citing Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)) (citations omitted). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (*citing Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005)).

Manjate alleges that DEA Agent Mike Mesman, who led the case against Manjate, "told [Manjate] in early 2010, just before [Manjate] was about to file a timely § 2255, that [Manjate] should wait to file because it would mess up [Manjate]'s chances of cooperating with the government. Thus, the reason Grounds 2 and 3 were not timely filed back in early 2010." (Br. in Supp. of Mot. at 28 n.2.) Furthermore, Manjate claims that the § 2255 motion was "delayed due to the instructions received from the government." (Resp. to Ord. to Show Cause at 2.) Manjate cites *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453 (1990), which states that

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complaint has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.

4

*Id.* at 96, 111 S.Ct. at 457-58 (italics added and footnote omitted). Additionally, in the event of late-filed submissions, equitable tolling is available only when the lateness is attributable, at least in part, to misleading governmental action. *Frazer v. United States*, 288 F.3d 1347 (Fed. Cir. 2002); *see also Bailey v. West*, 160 F.3d 1360 (Fed Cir. 1998) (noting that if the government misled the claimant into missing the filing deadline, such inducement by a government adversary may allow equitable tolling of the limitations period even absent trickery or governmental misconduct).

First of all, the Court notes that the government did not file a motion to reduce Manjate's sentence pursuant to Fed. R. Crim. P. 35(b). So, where was this cooperation? In addition, Manjate fails to show that the government's alleged misconduct misled, tricked, or induced him not to file his § 2255 motion for the two-year period after the Statute of Limitations had expired. Manjate does not provide this Court with any details regarding whether Agent Mesman's alleged comments constituted misconduct or whether they were actually misleading. Additionally, Manjate claims that the government told him not to file his motion in early 2010; however, Manjate does not state any reason for delaying his filing until March 9, 2012, two years after his alleged interactions with the government. Manjate fails to explain this substantial delay. As a result, Manjate has failed to pursue his rights diligently. Therefore, Manjate's motion under § 2255 will be dismissed as he has failed to file the motion within the one-year statute of limitations period.

### III. NO CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the court must also determine whether a certificate of appealability should be granted. A certificate should be issued if Manjate has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment

of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has considered Manjate's claim under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Manjate's claim was debatable or wrong. Therefore, the Court will deny Manjate a Certificate of Appealability.

## IV. CONCLUSION

For these reasons, Manjate's § 2255 Motion will be dismissed pursuant to Rule 4 of the Rules Governing § 2255 Cases and 28 U.S.C. § 2255(f). Additionally, Manjate's Motion to Supplement will be denied. Finally, the Court will deny Manjate a Certificate of Appealability.

Dated: August 24, 2012                             /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE

6